UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIP AUTO GLASS, INC.,

      Plaintiff,

v.                                  Case No: 8:17-mc-00019-MSS-JSS

GEICO GENERAL INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER

THIS MATTER is before the Court on the Motion to Quash Subpoenas ("Motion"), filed by non-parties Safelite Solutions LLC ("Solutions") and Safelite Fulfillment, Inc. ("Fulfillment") (Dkt. 1), VIP Auto Glass, Inc.'s response in opposition (Dkt. 33), and the reply of Solutions and Fulfillment (Dkt. 40). This miscellaneous proceeding is related to the lawsuit filed by VIP Auto Glass, Inc. ("Plaintiff") against GEICO General Insurance Company ("GEICO") in this Court on July 13, 2016 ("Main Case"), *VIP Auto Glass, Inc. v. GEICO Gen. Ins. Co.*, 8:16-cv-02012-MSS-JSS (M.D. Fla. July 23, 2016). On June 7, 2017, the Court held a hearing on the Motion. For the reasons that follow, the Motion is granted in part and denied in part.

## BACKGROUND

In the Motion, non-parties Solutions and Fulfillment seek to quash subpoenas Plaintiff served on them seeking the testimony of their corporate representatives. Solutions and Fulfillment argue that preparing their corporate representatives for the nineteen deposition topics listed in the subpoenas ("Topics") (Dkts. 33-4, 33-5), would require many hours of preparation spent analyzing hundreds of documents. (Dkt. 29-1 ¶ 5.) Therefore, Solutions and Fulfillment maintain this discovery is unduly burdensome, especially in light of the fact that these entities are not parties to

the Main Case. Also, they argue that this discovery is duplicative because it can be sought from GEICO. Further, these subpoenas are overly broad as they do not specify a time period or limit their requests to windshield repairs. Finally, they argue that the discovery sought is not proportional to the needs of this case, which has not yet been certified to proceed as a class action.

After the Motion was filed, Plaintiff amended its complaint in the Main Case, adding specific allegations regarding the relationship between GEICO and Solutions and Fulfillment. (Main Case Dkt. 47.) In the Amended Complaint, Plaintiff alleges that Solutions acts as GEICO's third-party administrator for windshield repair and replacement claims, and that Fulfillment operates a chain of windshield repair and replacement facilities. (*Id.* ¶¶ 24, 26.) Solutions enters into agreements with windshield repair and replacement facilities, including facilities Fulfillment operates ("Safelite Network"). (*Id.* ¶ 27.) Plaintiff alleges that, in these agreements, the facilities agree to accept the prices GEICO has agreed to pay for windshield repair and replacement work in its contracts with Solutions. (*Id.* ¶¶ 27–28.)

GEICO, Plaintiff alleges, directs its insureds to have facilities in the Safelite Network perform the insureds' windshield repair and/or replacement work. (*Id.* ¶ 33.) When facilities that are not in the Safelite Network perform these services for GEICO's insureds and submit invoices to GEICO for reimbursement, Plaintiff alleges that GEICO refuses to pay more than the price it has agreed to pay Safelite Network facilities. (*Id.* ¶ 34.) Plaintiff argues that this unpaid portion is "an unlawful *de facto* deductible" for GEICO insureds. (*Id.* ¶ 35.) Plaintiff seeks to certify a class of facilities in the state of Florida who performed windshield repair and/or replacement services to GEICO insureds, own assignments of benefits from the insureds, and were refused full reimbursement for their services from GEICO. (*Id.* ¶ 60.)

In response to the Motion, Plaintiff argues that it seeks this deposition testimony to demonstrate that "the predetermined price was set based on the agreements between Safelite and GEICO, without regard to the standard retail prices suggested by such regularly accepted standards." (Dkt. 33 at 14–15.)  Citing GEICO's corporate representative's deposition testimony in an unrelated case in a Florida county court, Plaintiff argues that GEICO's representative testified that Safelite entities provide GEICO with some of the data GEICO uses to determine the price it pays the Safelite Network facilities for their windshield repair and/or replacement work.  (Dkt. 33 at 8; Dkt. 33-3.)  The subpoenas for deposition testimony at issue here, Plaintiff argues, seek information relevant to its allegations because "testimony regarding the relationship between Safelite and GEICO, the contracts or other agreements between them, information Safelite relies on, and any information shared between them will demonstrate that the purported 'prevailing competitive price' is neither 'prevailing' nor 'competitive.'" (Dkt. 33 at 13.)  Specifically, "the requested testimony from Safelite, including testimony regarding any contracts between GEICO and Safelite – the reliance on which is the basis for every single underpaid claim at issue in this case – will help Plaintiff establish the elements of class certification under Rule 23(a) and (b), including commonality, typicality, and predominance." (*Id.* at 14.)

## APPLICABLE STANDARDS

Courts maintain great discretion to regulate discovery.  *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).  The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1306 (11th Cir. 2011).  Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  Courts consider the following factors: (1) "the importance of the issues

at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Further, a court may quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." *Id.* at 45(d)(3)(B)(i).

A party may depose any person without leave of court and may compel the person's attendance by subpoena. Fed. R. Civ. P. 30(a)(1). A party may take the deposition of an organization pursuant to Federal Rule of Civil Procedure 30(b)(6). In its notice of deposition to the organization, the requesting party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* "The persons designated must testify about information known or reasonably available to the organization." *Id.*

"The testimony of a Rule 30(b)(6) witness represents the collective knowledge of the corporation, not of the specific individual deponents. A Rule 30(b)(6) designee presents the corporation's position on the listed topics." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012). "Thus, a Rule 30(b)(6) witness need not have personal knowledge of the designated subject matter." *Id.* The subpoenaed party "has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice or

subpoena." *Id.* "Not only must the designee testify about facts within the corporation's collective knowledge, including the results of an investigation initiated for the purpose of complying with the 30(b)(6) notice, but the designee must also testify about the corporation's position, beliefs and opinions." *Id.* at 689.

## ANALYSIS

The discovery sought from Solutions and Fulfillment is relevant to Plaintiff's allegations regarding the relationships between Solutions, Fulfillment, and GEICO and the effect of these relationships on GEICO's payment of windshield repair and/or replacement claims. Plaintiff's claims against GEICO in the Main Case turn on its allegations that because GEICO and Solutions have agreed upon a price GEICO pays the Safelite Network facilities for its insureds' windshield repair and/or replacement claims, GEICO refuses to pay facilities not in the Safelite Network more than the amount it pays Safelite Network facilities, which violates GEICO's insurance policies and Florida law by imposing a *de facto* deductible on GEICO insureds. (Main Case Dkt. 47.) Considering the factors set forth in Rule 26(b)(1), the discovery sought from Solutions and Fulfillment is "important" to resolving the issues in this action. *See* Fed. R. Civ. P. 26(b)(1).

Nevertheless, the Court must limit discovery otherwise allowable if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Here, the discovery sought is not duplicative of the discovery obtained from GEICO. While Plaintiff has obtained contracts between GEICO and Solutions (Dkt. 50 at 13–14), Plaintiff seeks *testimony* from Solutions and Fulfillment regarding the ways in which Solutions reached the agreements with GEICO and regarding the services these entities provide to GEICO.

To that end, the Motion is denied as to Topics 1 and 2 (testimony regarding the relationships between GEICO, Solutions, and Fulfillment, and the services Solutions and Fulfillment provide GEICO), and Topics 7, 8, 11, 15, and 16 (testimony regarding the methods and information used to determine the amount paid to the Safelite Network facilities), as these Topics seek relevant information. However, the subject matter of these Topics is limited to information regarding windshield repair and/or replacement in Florida because repairs and/or replacements of windshields is what is at issue in Plaintiff's Amended Complaint, rather than the overly broad automobile glass repair and/or replacement. (Main Case Dkt. 47 ¶ 60.) Topics 12 through 14, requesting information about the Safelite Network facilities, are duplicative, and therefore, the Court limits these Topics to the general nature of the Safelite Network Participation Agreements concerning GEICO insureds in Florida. The Motion is also denied as to Topic 19, as this seeks information relating to the claim of the GEICO insured which forms the basis of Plaintiff's class action.

The subpoenas, however, request discovery of information without specifying a time limitation for the Topics. Such a request is overly broad and not proportional to the needs of the case. Given the overbreadth, during the hearing, Plaintiff's counsel agreed to limit the timeframe of the Topics to align with the scope of its proposed class, which is the five-year period prior to Plaintiff's filing the lawsuit against GEICO. (Main Case Dkt. 47 ¶ 60.) Thus, the timeframe of the Topics is limited to 2011 to the present.

The Motion is granted as to Topics 3, 4, 5, 6, 9 and 10 (the software used, procedures followed, and documents generated by Solutions and Fulfillment in administering GEICO's claims, and the documents provided to Solutions and Fulfillment by GEICO), as these Topics are overly broad and the burden and expense of this discovery outweighs its likely benefit. *See* Fed.

R. Civ. P. 26(b)(1).  The Motion is also granted as to Topics 17 and 18, which request the prices the Safelite Network facilities charge to customers for windshield repair and/or replacement who are not insured by GEICO or who are insured by companies other than GEICO, because this discovery is not proportional to the needs of the case and is of low importance to resolving Plaintiff's allegations.  *Id.*  Further, the burden and expense of this discovery to the non-parties outweighs its likely benefit.  *Id.*

Accordingly, with these modifications to the subpoenas, *see* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C)(iii), 45(d)(3)(A)(iv), it is

**ORDERED**:

1.    The Motion to Quash Subpoenas (Dkt. 1) is **GRANTED** in part as to Topics 3 through 6, 9, 10, 17, and 18, and **DENIED** in part as to Topics 1, 2, 7, 8, 11 through 16, and 19, as modified herein.

2.    The Clerk is directed to close this miscellaneous proceeding.

**DONE** and **ORDERED** in Tampa, Florida, on June 12, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record